IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                                        Case Nos.:    1:11cr16/WTH/GRJ
                                                         1:14cv134/WTH/GRJ

PEDRO ENRIQUE PEREZ-RODRIGUEZ,

_____

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the court upon Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody."  (ECF No. 404.)   The Government has filed a response (ECF No. 420) and Petitioner has filed a reply.   (ECF No. 427.)   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a review of the record and the arguments presented, the Court concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.   *See* Rules 8(a) and (b) Governing Section 2255 Cases.

## BACKGROUND

Petitioner and multiple co-defendants were charged in a two count indictment with conspiracy to manufacture, distribute and possess with intent to distribute more than one hundred (100) marijuana plants ("Count One"), and knowingly manufacturing and possessing with intent to distribute more than one hundred (100) marijuana plants on a date certain ("Count Two"). (ECF No. 59.)   Petitioner's initial arrest stemmed from a traffic stop during which law enforcement recovered $1620 in U.S. currency and 3.5 pounds of marijuana.   (ECF No. 258, PSR ¶ 16.)   Petitioner claimed at the time that he had received the marijuana from someone who owed him money and was unable to pay him back.   (*Id.*)   Further investigation led law enforcement to believe that Petitioner was part of a conspiracy involving the six co-defendants in this case.   Petitioner elected to proceed to trial, represented by retained counsel Allan Kaye, who replaced David Wilson.   (ECF Nos. 133, 135, 136.)   The jury convicted Petitioner as charged, specifically finding that the offense conduct involved one hundred or more marijuana plants.   (ECF No. 195.)

The final Presentence Investigation Report ("PSR") calculated Petitioner's base offense level at 24 due to the quantity of marijuana involved in the offense. (ECF No. 258, PSR ¶ 24.) Petitioner received a two level adjustment due to his possession of a dangerous weapon during the course of the conspiracy, a four level adjustment due to his leadership role in the offense, and a two level adjustment due to his false testimony at trial. (PSR ¶¶ 54, 56, 57.) His adjusted and total offense levels were 32. (PSR ¶¶ 58, 60.) Petitioner had no prior criminal history and his criminal history category was I. (PSR ¶¶ 61—63.) The applicable guidelines range of 121 to 151 months fell within the statutory parameters for Petitioner's offense conduct. (PSR ¶¶92, 93.) The court sentenced Petitioner to a term of 121 months imprisonment. (ECF No. 277.)

Petitioner appealed, and the Eleventh Circuit rejected his claims that there was a *Brady* violation or a Confrontation Clause violation and affirmed. (ECF No. 400.) He timely filed the instant motion to vacate in July of 2014 (ECF No. 404). In 2015, while the motion was pending, Petitioner moved for a reduction in his sentence pursuant to Amendment 782 of the Sentencing Guidelines. The district court granted the motion and reduced

Petitioner's sentence to a term of 97 months imprisonment.    (ECF No. 451.)

Online Bureau of Prison records reflect Petitioner's anticipated release date

as May 3, 2018.

## **DISCUSSION**

### *General Standard of Review*

Collateral review is not a substitute for direct appeal, and therefore

the grounds for collateral attack on final judgments pursuant to § 2255 are

extremely limited.    A prisoner is entitled to relief under section 2255 if the

court imposed a sentence that (1) violated the Constitution or laws of the

United States, (2) exceeded its jurisdiction, (3) exceeded the maximum

authorized by law, or (4) is otherwise subject to collateral attack.    *See* 28

U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th

Cir. 2011).    "Relief under 28 U.S.C. § 2255 'is reserved for transgressions

of constitutional rights and for that narrow compass of other injury that

could not have been raised in direct appeal and would, if condoned, result

in a complete miscarriage of justice.'"    *Lynn v. United States*, 365 F.3d

1225, 1232 (11th Cir. 2004) (citations omitted).    The "fundamental

miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S.

Case Nos.: 1:11cr16/WTH/GRJ; 1:14cv134/WTH/GRJ

478, 496 (1986), provides that it must be shown that the alleged

constitutional violation "has probably resulted in the conviction of one who

is actually innocent . . . ."

The law is well established that a district court need not reconsider

issues raised in a section 2255 motion which have been resolved on direct

appeal.    *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014);

*Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States

v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36

F.3d 1052, 1056 (11th Cir. 1994).    Once a matter has been decided

adversely to a defendant on direct appeal, it cannot be re-litigated in a

collateral attack under section 2255.    *Nyhuis*, 211 F.3d at 1343 (quotation

omitted).    Broad discretion is afforded to a court's determination of

whether a particular claim has been previously raised.    *Sanders v. United

States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by

different factual allegations . . . or supported by different legal arguments . .

. or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for

direct appeal, issues which could have been raised on direct appeal are

generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable

on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.    *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).    In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013).    In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.    *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

        In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was

reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).   Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").   Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.   *Strickland*, 466 U.S. at 689.   To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."   *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.   "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness."   *Chandler*, 218

F.3d at 1314.    When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."    *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.    *Strickland*, 466 U.S. at 694.    "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).    For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."    *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010).    A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."    *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).    Or in the case of alleged sentencing errors,

a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.   *Glover v. United States*, 531 U.S. 198, 203–04 (2001).   A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."   *Id.* at 203.

To establish ineffective assistance, Petitioner must provide factual support for his contentions regarding counsel's performance.   *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).   Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.   *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim.   *Denson v. United States*, 804 F.3d 1339, 1342

(11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d

1225, 1233 (11th Cir. 2008)).   This is true regardless of whether the issue

is a trial or sentencing issue.   *See, e.g.*, *Sneed v. Florida Dep't of

Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve

meritless *Batson* claim not ineffective assistance of counsel);   *Lattimore v.

United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not

ineffective for failing to make a meritless objection to an obstruction

enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002)

(counsel was not ineffective for failing to raise issues clearly lacking in

merit); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not

ineffective for failing to object to "innocuous" statements by prosecutor, or

accurate statements by prosecutor about effect of potential sentence);

*Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not

ineffective for failing to make meritless motion for change of venue);

*Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not

pursue constitutional claims which he reasonably believes to be of

questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir.

1992) (no ineffective assistance of counsel for failing to preserve or argue

meritless issue).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that

a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance.    A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."    *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).    Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.    *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.    *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).    A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.    *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon

unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).   Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.   *Lynn*, 365 F.3d at 1239.   Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

## Petitioner's Claims

### *Ground One—Ineffective assistance of counsel*

Petitioner first claim is that counsel was constitutionally ineffective because he failed to advise Petitioner of the possibility of receiving up to a three-level reduction for acceptance of responsibility if he entered a plea of guilty, the potential to receive a reduced sentence if he cooperated and provided substantial assistance to the Government, the likelihood that his co-defendants would cooperate and testify against him, and the strong likelihood of a conviction in a federal drug offense.   The inference, which Petitioner confirms in his reply, is that he would have chosen to plead guilty had he been properly advised by counsel.

The two-part *Strickland* test, outlined above, also applies to guilty pleas.   *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (citing *Hill v.*

Case Nos.: 1:11cr16/WTH/GRJ; 1:14cv134/WTH/GRJ

*Lockhart*, 474 U.S. 52, 58 (1985)).   The Sixth Amendment right to the effective assistance of counsel extends specifically "to the negotiation and consideration of plea offers that lapse or are rejected."   *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012) (citing *Missouri v. Frye*, 566 U.S. 133, 138-145 (2012); *Lafler*, 566 U.S. at163).   A petitioner who claims that ineffective advice led him to reject a plea offer must show that but for ineffective assistance of counsel, he would have accepted the plea, and that the conviction or sentence or both under the terms of the plea offer would have been less severe than under the judgment and sentence that were imposed.   *Lafler*, 566 U.S. at 164.   A prisoner's insistence that he is innocent is a "relevant consideration" that "makes it more difficult to accept his claim" that he would have agreed to a plea deal.   *See Osley v. United States*, 751 F.3d 1214, 1224–25 (11th Cir. 2014).

During Petitioner's testimony at trial, he denied that he had ever had anything to do with drugs in his life before he accepted the 3.5 lbs. of marijuana found in his possession to settle a debt.   (ECF No. 224, Tr. at 990.)   His denials, under oath, of any involvement in criminal activity provided the basis for the two level obstruction of justice enhancement.

(ECF No. 258, PSR ¶ 57.)    Petitioner continues to maintain his innocence.

He states that although he "maintained his innocence at that time, had he

known all of the facts and possibilities relating to a conviction and the

likelihood of such conviction, Petitioner would have pled guilty even

knowing of his innocence."    (ECF No. 427 at 5.)

A court may, in some circumstances, accept a guilty plea from a

defendant who continues to proclaim his innocence.    *North Carolina v.*

*Alford*, 400 U.S. 25, 37-38 (1970).    It is highly improbable, however, that

the district court would have accepted a guilty plea from Petitioner in this

case.    Before accepting a guilty plea, Rule 11 of the Federal Rules of

Criminal Procedure requires that the court determine that the plea is

voluntary and that there is a factual basis for the plea.    Fed.R.Crim.P.

11(b)(2) and (3).    This typically requires an admission of guilt (*cf. Alford*,

*supra*).    A defendant has no absolute right under either the Constitution or

Fed. R. Crim. P. 11 to have his guilty plea accepted by the court, and the

court is within its discretion to refuse to accept such a plea.    *United States*

*v. Dykes*, 244 F. App'x 296, 298 (11th Cir. 2007) (citing *United States v.*

*Gomez-Gomez*, 822 F.2d 1008, 1010 (11th Cir. 1987)).    When a

defendant casts doubts upon the validity of his guilty plea by protesting his innocence or by making exculpatory statements, the court may resolve such doubts against acceptance of the plea.    *Gomez-Gomez*, 822 F.2d at 1011.

Petitioner's former trial counsel, Allan H. Kaye, states in his affidavit that he discussed the opportunity to plead guilty and offer substantial assistance, but that his client continually maintained his innocence.    (ECF No. 420-4.)    Counsel further recalls that he advised Petitioner that either co-defendants or other Government witnesses would testify against him, but Petitioner disagreed.    Even if counsel did not fully discuss every nuance of the risks and benefits of entering a guilty plea, Petitioner cannot prove prejudice.    The practice in the Northern District of Florida has long been to require an admission of guilt before the court will accept a guilty plea.    He cannot show that the district court would have departed from its normal practice and accepted an *Alford* plea in light of his continued protestations of innocence.    *Pericles v. United States*, 567 F. App'x 776, 782 (11th Cir. 2014) (citing *Gomez-Gomez*, 822 F. 2d at 1011 ("[t]hough a judge may enter judgment upon a guilty plea offered under [*Alford*], he is

not required to do so.")).    Additionally, the Eleventh Circuit has held that
an assertion that a defendant would have entered an *Alford* plea is merely
an unsupported "after the fact" statement, insufficient to establish prejudice.
*Pericles*, 567 F.App'x at 782 (citing *Diaz v. United States*, 930 F.2d 832,
835 (11th Cir. 1991)).

Petitioner next claims that counsel was constitutionally ineffective
because he failed to object to the "unreasonable" sentence that the court
imposed.    The basis for his argument is his belief that the applicable
guidelines range was 63 to 78 months, rather than 121 to 151 months.
Petitioner's confusion stems from the fact that the copy of the PSR to which
he refers is the draft PSR, rather than the final version.    (*See* ECF No. 427
at 15-16; *compare* ECF Nos: 240 and 248).    The draft PSR (ECF No. 240)
calculated the guidelines range as Petitioner represents.    However, the
final version of the PSR included upward adjustments for Petitioner's role in
the offense and obstruction of justice, which significantly increased the
applicable guidelines range.    The court did not depart upward from the
properly calculated applicable guidelines range, and counsel was not
constitutionally ineffective for not making this objection.

Finally, Petitioner claims that counsel was constitutionally ineffective because he failed to object to the two level enhancement for possession of the firearm.    Petitioner admits that he always carried a firearm with him, but maintains that he had a concealed weapons permit, such that his possession of the handgun found in his glove box was lawful.    (ECF No. 427 at 12).    He argues that there was "no evidence, other than the testimony of the Government's witnesses, who were hoping to obtain substantial assistance motions from the Government, that showed or supported the claim that the firearm was used or possessed during or in relation to a drug trafficking offense." (*Id*.)    He also points to the fact that he was not charged with a firearm offense by either state or federal officials.

First, the fact that Petitioner had a license to lawfully carry a concealed weapon is not dispositive to the question presented here, the propriety of the enhancement.    Similarly, the fact that he was not charged with a state or federal firearms offense is irrelevant.    The fact that much of the evidence of the connection between the weapon and the offense conduct came from witnesses who were, in Petitioner's mind, motivated to

lie does not carry the day.   Application note 3(A) to § 2D1.1 in the 2011

version of the guidelines[1]  expressly provides that the enhancement

"should be applied if the weapon was present, unless it is clearly

improbably that the weapon was connected with the offense."   The

Eleventh Circuit has stated that a judgment of acquittal is not required

simply because the Government's case relies on "an array of scoundrels,

liars and brigands."   *United States v. Rivera*, 775 F.2d 1559, 1561 (11th

Cir. 1985) (internal quotation marks and citation omitted).   By the same

token, the court was within reason to consider the testimony presented at

trial in determining the propriety of the enhancement.   Based on the

testimony presented, it was not "clearly improbable that the weapon was

connected with the offense."   Not only was there testimony that Petitioner

carried a firearm while engaged in the conspiracy, he had a firearm in his

vehicle when he was arrested with the three and a half pounds of

marijuana.   Counsel was not constitutionally ineffective for declining to

make a meritless objection.   *See Lattimore v. United States*, 345 F. App'x

506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a

---

[1] The identical language is now found in Application note 11(a)

meritless objection to an obstruction enhancement).

### *Ground Two: Unreasonable Sentence*

Petitioner's second ground for relief is that his original 121 month sentence was "unreasonable" because the court departed from the applicable 63 to 78 month guideline range.   This claim could have been raised on appeal and is procedurally barred.   Furthermore, as explained above, this claim is premised on a mistaken reliance on the draft, rather than the final PSR, and as such, he is not entitled to relief.

### *Ground Three: Error in Application of Weapon Enhancement*

Petitioner's third claim is that the court erred in applying the two level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1).   A claim of district court error could have been raised on appeal and is procedurally barred. Additionally, this issue is substantively without merit, as discussed in conjunction with Ground One.

### <u>Conclusion</u>

For all of the foregoing reasons, the court concludes that Petitioner has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.   Nor

has he shown that an evidentiary hearing is warranted.    Therefore

Petitioner's motion should be denied in its entirety.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides

that "[t]he district court must issue or deny a certificate of appealability when

it enters a final order adverse to the applicant," and if a certificate is issued

"the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)."    A timely notice of appeal must still be

filed, even if the court issues a certificate of appealability.    Rule 11(b), §

2255 Rules.

After review of the record, the court finds no substantial showing of the

denial of a constitutional right.    § 2253(c)(2); Slack v. McDaniel, 529 U.S.

473, 483–84 (2000) (explaining how to satisfy this showing) (citation

omitted).    Therefore, it is also recommended that the court deny a certificate

of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final

order, the court may direct the parties to submit arguments on whether a

certificate should issue."    If there is an objection to this recommendation by

either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.    The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 404) should be **DENIED**.

2.    A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 12th day of May, 2017.


*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge



## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 1:11cr16/WTH/GRJ; 1:14cv134/WTH/GRJ